UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERNANDO FUERTES
MUNOZ,

       Petitioner,

v.

Case No.   2:26-cv-1470-JES-DNF

IMMIGRATION AND
CUSTOMS ENFORCMENT, et
al.,

       Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Fernando Fuertes Munoz's petition for writ of habeas corpus (Doc. 1) and the government's response to the petition (Doc. 7). For the reasons below, the Court grants the petition to the extent set forth in this Order.

Fuertes Munoz is a citizen of Cuba who entered the United States in July of 2022. (Doc. 7 at 1). He was served with a notice to appear on July 4, 2022 and released on his own recognizance. (Doc. 7-1 at 9–10). He is employed by the Iron Workers Local Union 272 and has no criminal record. (Doc. 7-1 at 2–3).

On August 4, 2025, Fuertes Munoz was arrested and taken into immigration custody. (Doc. 7-1 at 2). An immigration judge granted the

government's motion to dismiss removal proceedings and placed Fuertes Munoz in expedited removal. (*Id.* at 20). However, an asylum officer found that he had demonstrated a credible fear of persecution or torture, so he was placed back into removal proceedings. *Id.* On November 25, 2025, an immigration judge ordered Fuertes Munoz's removal. (*Id.*) He appealed, and the appeal is still pending. (*Id.*)

On February 9, 2026, Fuertes Munoz filed a petition for writ of habeas corpus in case number 2:26-cv-315-JES-DNF, and on April 17, 2026, United States District Judge John Steel concluded that Fuertes Munoz was subject to detention under 8 U.S.C. § 1226(a) and ordered that he receive an individualized bond hearing. *See* No. 2:26-cv-315-JES-DNF at docket entry 14.

On April 21, 2026, an immigration judge denied Fuertes Munoz's request for bond by checking a box on a pre-printed order, finding Fuertes Munoz a flight risk, and stating that "the respondent has failed to meet his burden of proof that he is not a flight risk. The record does not contain any evidence of a fixed address in the United States, family ties to this country, and employment history. The respondent has lived in the United States for a short period of time and is already subject to an order of removal. Therefore, the court finds the respondent poses a significant flight risk, such that no monetary bond would be sufficient to ensure his appearance at future immigration hearings

and, if necessary, his surrender from removal from this country." (Doc. 7-1 at 34–35).

Fuertes Munoz now seeks a bond hearing where the government bears the burden of showing that he poses a flight risk or danger to the community. (Doc. 1 at 7).

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To the extent Fuertes Munoz asserts a bona fide due process claim challenging the framework used to determine whether he should be detained, "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).[1] Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal punctuation and citation omitted). Thus, the Court

---

[1] Conversely, the Court does not have jurisdiction to review an immigration judge's discretionary bond decisions. 8 U.S.C. § 1226(e).

3

will consider whether Fuertes Munoz's current detention complies with due process.

Courts looks to three factors when considering the process due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, all three factors weigh in Fuertes Munoz's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While neither the Supreme Court nor the Eleventh Circuit has established a constitutionally acceptable length of detention under 1226(a), the longer the detention, the greater the concern. And facts that could justify a brief detention might not justify a longer one. Here, Fuertes Munoz's detention now approaches eight months and could conceivably last indefinitely—despite his record of employment and his complete lack of criminal history. This raises constitutional concerns. Third, the government has not established a legitimate interest in continuing to

4

detain Fuertes Munoz. It is undisputed that Fuertes Munoz bore the burden of proof in his first bond hearing. At no point during his detention has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Fuertes Munoz's right to be free from physical restraint.

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Here, the Court sees value in additional due process safeguards such as a bond hearing in which the government bears the burden of justifying continued detention without bond. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention). A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854; *see also Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, No. 26-50221, 2026 WL 1906557, at * 16 (5th Cir. Jul. 2, 2026) (recognizing that in § 1226 bond hearings, "the Government must articulate an individualized justification for further detention without bond").

The Court will thus order Respondents to either release Fuertes Munoz or bring him before an immigration judge within ten days for a second bond hearing where the government must show that he is a flight risk or danger to the community. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Fuertes Munoz and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Fuertes Munoz's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if he enters an appearance in the Executive Office of Immigration Review's (EOIR's) online filing system in time to receive the notice. The Court is aware the EOIR is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If Respondents are unable to ensure that Fuertes Munoz timely receives a bond hearing that complies with this Order, they must release him under reasonable terms of supervision.

Accordingly, it is hereby **ORDERED:**

1.   Fernando Fuertes Munoz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this order.

2.   Within **TEN DAYS** of this Order, Respondents shall either release Fuertes Munoz or bring him before an immigration judge for a second bond hearing where the government bears the burden of justifying continued detention.

4.     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7